[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 2, 2008
THOMAS K. KAHN
CLERK

No. 08-11288
Non-Argument Calendar

_____

D. C. Docket No. 06-80073-CV-DTKH

AUTO-OWNERS INSURANCE,
a foreign corporation,

Plaintiff-Appellant,

versus

AMERICAN YACHTS LTD.,
a foreign corporation,
CONTINENTAL INSURANCE COMPANY,
a foreign corporation,
BOAT/US, INC.,
a foreign corporation,
a.k.a. Boat America Corporation,
d.b.a.  Boatus,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 2, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Auto-Owners Insurance appeals a final judgment granting attorneys' fees and costs in favor of American Yacht Ltd. and Continental Insurance Company in the amount of $481,957.23. We find no merit to the three issues raised by Auto-Owners on appeal.

First, the district court did not err in concluding that the Joint Proposal for Settlement was not ambiguous simply because Auto-Owners was required to accept the amount offered by both American and Continental. Moreover, we find that the releases attached to the joint offer were correctly found to have been stated with particularity and are enforceable.

Second, Auto-Owners contends that the Joint Proposal was ambiguous because it referenced both Federal Rule of Civil Procedure 68 and Florida Statute, Section 768.79. We agree with the district court that there was no ambiguity here. Rule 68 does not preempt Section 768.79 and as such, Section 768.79 is controlling in this case. Furthermore, the Joint Proposal complies with Florida Rule of Civil Procedure 1.442.

Finally, we find no error in the district court's factual determination that the attorneys' fees awarded to American and Continental were reasonable and non-

2

duplicative.[1]

AFFIRMED.

---

[1] Because this court has denied Auto-Owners' petition for rehearing en banc as to its claim under the doctrine of equitable subrogation, its argument that American and Continental would not be entitled to attorneys' fees if we reversed the district court's granting of summary judgment is moot.